

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

June 7, 1950

Hon. William L. Taylor
County Attorney
Harrison County
Marshall, Texas

Opinion No. V-1065.

Re: The constitutionality
    of Article 2094,V.C.S.,
    as amended, relative
    to the method for se-
    lecting jurors to serve
    in the county and dis-
    trict courts.

Dear Sir:

      You have requested an opinion as to whether the caption of Senate Bill 36, Acts 51st Leg., R.S. 1949, ch. 469, p.868 and House Bill 36, Acts 51st Leg., 1st C.S. 1950, ch.6, p.47, amending Article 2094 of the Revised Civil Statutes of 1925 are in compliance with Section 35 of Article III of the Texas Constitution. That section of the Constitution provides:

      "No bill , (except general appropria-
tion bills, which may embrace the various
subjects and accounts, for and on account
of which moneys are appropriated) shall
contain more than one subject, which shall
be expressed in its title. But if any sub-
ject shall be embraced in an act, which
shall not be expressed in the title, such
act shall be void only as to so much there-
of, as shall not be so expressed."

      Prior to the above amendments, Article 2094, V.C.S., provided:

      "Art. 2094. Between the first and
fifteenth days of August of each year, in
each county having a population of at least
fifty-eight thousand or having therein a
city containing a population of at least
twenty thousand, as shown by the preceding
Federal Census, the Tax Collector or one of
his deputies, together with the Tax Asses-
sor or one of his deputies, together with
the Sheriff or one of his deputies, and the
County Clerk or one of his deputies, and the

District Clerk or one of his deputies, shall meet at the court house of their county and select from the list of qualified jurors of such county as shown by the tax lists in the Tax Assessor's office for the current year, the jurors for service in the District and County Courts of such county for the ensuing year in the manner hereinafter provided."

The caption to Senate Bill 36, provides:

"An Act amending Article 2094 of the Revised Civil Statutes of 1925, as amended by the Acts of the 41st Legislature, Regular Session, 1929, Chapter 43, page 89, paragraph 1, relating to the selection of jurors for service in the District and County Courts; and declaring an emergency."

The body of the Act provides as follows:

"Article 2094.

"Between the first and fifteenth days of August of each year, in each county having a population of at least forty-six thousand (46,-000), or having therein a city containing a population of at least twenty thousand (20,-000), as shown by the last preceding Federal Census, and in each county having two or more District Courts holding sessions therein, regardless of population, the Tax Collector or one of his deputies, together with the Sheriff or one of his deputies, and the County Clerk or one of his deputies, and the District Clerk or one of his deputies, shall meet at the court house of their county and select from the list of qualified jurors of such county as shown by the tax lists in the Tax Assessor's office for the current year, the jurors for service in the District and County Courts of such county for the ensuing year, in the manner hereinafter provided."

In English & Scottish American Mortg. & Inv. Co. v. Hardy, 93 Tex. 289, 55 S.W. 169 (1900), in which the court had before it a similar caption, it is stated:

"If we could disregard the reference in the title to the number of the article of the Revised Statutes to be amended, and look alone to the words 'relating to the creation of private corporations,' as expressing the whole subject of the act, it may be true that such expressions would not be broad enough to admit provisions concerning the issuance of permits to foreign corporations. This it is unnecessary to decide, since, in view of the previous decisions in this and other courts, and of the course of legislation based upon their authority, it must be held that such a reference to the number of an article in a code, such as our Revised Statutes, is sufficient, in the title of an act amendatory thereof, to allow any amendment germane to the subject treated in the article referred to." (Emphasis added)

See also Walker v. State, 116 S.W.2d 1076 (Tex.Crim.1938).

In view of the foregoing it is our opinion that the caption is in compliance with Section 35 of Article III of the Constitution of Texas.

The caption to House Bill 36 provides:

"An Act amending Article 2094 of the Revised Civil Statutes of Texas of 1925, as amended by Acts of the Forty-first Legislature, Regular Session, 1929, Chapter 43, page 89, paragraph 1, as amended by Acts of the Fifty-first Legislature, Regular Session,1949, Chapter 467, page 868, relating to the selection of jurors for service in the district and county courts so as to provide that the provisions of this Act shall not apply to any county having a population of less than twenty thousand (20,000) inhabitants according to the last preceding Federal Census when such county is a part of two (2) or more Judicial Districts which Judicial Districts embrace more than two (2) counties; and declaring an emergency." (Emphasis added)

The only amendment contained in the body of the Act is the addition to Article 2094, V.C.S., of the following proviso:

"Provided, however, that the provisions of this Act shall not apply to any county having a population of less than twenty thousand (20,000) inhabitants according to the last preceding Federal Census when such county is a part of two (2) or more Judicial Districts which Judicial Districts embrace more than two (2) counties."

The wording of the above proviso is identical with the underlined portion of the caption above quoted and is therefore in conformity with the caption of the Act and does not contravene Section 35 of Article III of the Constitution of Texas.

## SUMMARY

The captions to Senate Bill 36, Acts 51st Leg., R.S. 1949, ch.469, p.868, and House Bill 36, Acts 51st Leg., 1st C.S. 1950, ch.6, p.47, amending Article 2094 of the Revised Civil Statutes of 1925, are in conformity with the body of the Acts and do not violate the provisions of Section 35 of Article III of the Constitution of Texas. English & Scottish American Mortg. & Inv.Co. v. Hardy, 93 Tex. 289, 55 S.W. 169 (1900); Walker v. State, 116 S.W.2d 1076 (Tex.Crim. 1938).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Joe Greenhill
First Assistant

Price Daniel
Attorney General

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By  *Bruce Allen*
Bruce Allen
Assistant